UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. <u>23-mj-4425</u> |
| | ) | |
| | ) | JUDGE NEWBERN |
| CASSIDY BUSBIN | ) | |

## UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

COMES NOW the United States of America by Henry C. Leventis, United States Attorney, and Joshua A. Kurtzman, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . any felony . . . that involves a crime of violence." 18 U.S.C. § 3142(f)(1)(A). Likewise, the United States is similarly entitled to a detention hearing in a case "that involves – a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). In this case, the United States is entitled to a detention hearing in this matter under either of these provisions outlined above.

A. **Factual Background**

The statement in support of the Criminal Complaint in this case describes a pattern of conduct undertaken by the Defendant with the intent to kill, injure, harass, or intimidate other individuals using the mail, any interactive computer service or electronic communication service

or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce. 18 U.S.C. § 2261A(2). The Defendant's pattern of conduct placed these individuals in reasonable fear of death of or serious bodily injury to that person, an immediate family member, or a spouse or intimate partner, or that person's animal, or caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person, an immediate family member, or a spouse or intimate partner. *Id.*

The United States adopts the factual background outlined in the Statement in Support of the Criminal Complaint and does not believe reiterating those same facts here is necessary. Nevertheless, it is worthy of noting the apparent emotional distress that the Defendant caused to numerous individuals outlined in the Statement in Support of the Criminal Complaint. Moreover, a reasonable individual could, and indeed should, conclude that the Defendant's course of conduct would be reasonably expected to cause substantial emotional distress to the targeted individuals and their family members.

**B. Cyberstalking is a crime of violence under the Bail Reform Act.**

For purposes of the Bail Reform Act, a "crime of violence" is a term of art. It is defined as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 3156(a)(4)(A), or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *Id*. at § 3156(a)(4)(B).[1] "While Clause (A) covers offenses that fall within the conventional notion of a crime of violence, Clause (B) is intended to cast a wider net, specifying that it relates to any other offense that does not necessarily involve violence but by its nature involves a substantial risk that

---

[1] The Bail Reform Act also lists certain offenses specifically labeled "crimes of violence"; but that list does not include cyberstalking. *See* 18 U.S.C. § 3156(a)(4)(C).

physical force may be used in committing the offense." *United States v. Flores-Ortiz*, Crim. No. 15-605 (PAD), 2015 WL 7574765, at *3 n.2 (D.P.R. Nov. 25, 2015) (citing *United States v. Dillard*, 214 F.3d 88, 92 (2d Cir. 2000)). The government asserts that the statute under which the Defendant is charged, 18 U.S.C. § 2261A(2), meets the definition of a crime of violence under Clause A, often referred to as the elements clause, because it involves a pattern of conduct undertaken with the intent to "kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person." Moreover, the cyberstalking offense is also crime of violence under Clause B, often referred to as the residual clause.

In determining whether a particular crime is a crime of violence under the residual clause, the court employs the categorical approach. In applying this approach, the court should not evaluate facts specific to this particular case. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018); *United States v. Singleton*, 182 F.3d 7, 12 (D.C. Cir. 1999) (citing 18 U.S.C. § 3142(g)) ("Case-specific facts are . . . not [relevant] when considering the government's motion under § 3142(f)(1)(A) to hold [a detention] hearing."). Under the residual clause, courts also do not inquire "whether the statutory elements of a crime require (or entail) the creation of such a risk in each case that the crime covers." *Dimaya*, 138 S. Ct. at 1211. Instead, the residual clause inquiry turns on the "nature of the offense," requiring the court to determine whether the "ordinary case" of an offense presents a substantial risk that physical force against the person or property of another will be used while committing the offense. *Id.*; *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

In this case, the United States respectfully submits that the Court should find that the instant case involves a "crime of violence" under the Bail Reform Act. Specifically, the Court should find that the cyberstalking crime set forth at 18 U.S.C. § 2261A(2), "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

3

committing the offense." 18 U.S.C. § 3156(a)(4)(B). The "ordinary case" of cyberstalking involves conduct undertaken with "the intent to kill, injure, harass, intimidate, or place under surveillance [another person] with intent to kill, injure, harass, or intimidate." 18 U.S.C. § 2261A(2). Conduct intended to "kill, injure, harass, or intimidate" another implicates categorically a substantial risk of the use of physical force while stalking or cyberstalking. Further, the legislative history of the stalking and cyberstalking statute – which Congress enacted as part of the Violence Against Women Reauthorization Act of 2005, Pub. L. No. 109-162, 119 Stat. 2960 – "certainly indicates congressional intent that the offenses under [the stalking statute] be considered crimes of violence for purposes of holding a detention hearing." *United States v. Grooms*, No. 3:15-mj-00025, 2015 WL 1982097, at *5 (S.D. W. Va. Apr. 29, 2015). While this issue has not been addressed directly in the Sixth Circuit, numerous courts have concluded that the stalking and cyberstalking statute is a crime of violence under section 3156(a)(4)(B). *See, e.g., Grooms*, 2015 WL 1982097, at *3-5; *United States v. Shrader*, No. 1:09-cr-00270, 2010 WL 503092, at *3 (S.D. W. Va. Feb. 8, 2010); *United States v. Kukstis*, No. 18-10241, Dkt. 25 (D. Mass. May 4, 2018) (D. Mass. 2018). I therefore request that the Court find that the Defendant stands charged with a crime of violence, rendering this case eligible for a detention hearing under 18 U.S.C. § 3142(f)(1)(A).

  **C. A serious risk exists that the Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate prospective witnesses.**

  Under the Bail Reform Act of 1984, a judicial officer may order the pretrial detention of a person charged with an offense only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). This determination involves two sequential steps. First, the judicial officer must assess whether the case involves (a) "a crime of violence" or other enumerated offense, (b) "a serious risk that such person will flee," or (c) "a serious risk that such person will

obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f). If one of these criteria is met, then second, the judicial officer must determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). In making this assessment, the judicial officer must consider "(1) the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. at 18 U.S.C. § 3142(g). "The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

Based on the allegations contained in the Statement in Support of the Criminal Complaint, it is apparent that the Defendant is fixated on intimidating judges who rule adversely to he and/or his brother, attorneys who represent opposing parties in litigation, and law enforcement that he encounters. It also appears that the Defendant is also willing to make veiled threats towards the wife of his brother's commanding officer. Despite arrests for contempt of court and filing a false police report, the pattern of conduct undertaken by the Defendant and those closest to him has continued unabated. The Statement in Support of the Criminal Complaint also outlines the impacts of the Defendant's pattern of conduct on those he is targeting as the victims and those close to them repeatedly expressed that they were concerned about the Defendant's pattern and the fact that his most recent posts seem to advocate violence against judges. All these facts demonstrate that there is a "serious risk" that the Defendant will "attempt to threaten, injure, or intimidate" the victims (all of whom are prospective witnesses) if he is released from detention pending trial. 18

5

U.S.C. § 3142(f)(2)(B). Such threats and intimidation may discourage these victims from assisting the prosecution and testifying at trial. Accordingly, the United States requests that the Defendant be detained pending trial.

**CONCLUSION**

Accordingly, the United States asks that the Court find that it is entitled to a detention hearing because cyberstalking is a crime of violence under the Bail Reform Act and because a serious risk exists that the Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate prospective witnesses. The United States respectfully requests a continuance of three business days to adequately prepare for the hearing in this matter.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By:

 /s/ Joshua A. Kurtzman
AUSA JOSHUA A. KURTZMAN
Assistant U.S. Attorney
716 Church Street – Suite 3300
Nashville, Tennessee 37203

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on November 7, 2023.

*/s/ Joshua A. Kurtzman*
AUSA JOSHUA A. KURTZMAN